_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-00038-FWS-ADS                              Date: May 20, 2024
Title: Jack Richard Finnegan v. United States Agencies Officer *et al.*

_____

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

  Melissa H. Kunig                                     N/A
   Deputy Clerk                                          Court Reporter

Attorneys Present for Plaintiff:                Attorneys Present for Defendants:

   Not Present                                         Not Present

**PROCEEDINGS: ORDER TO SHOW CAUSE RE PLAINTIFF'S RESPONSE TO THE ORDER TO SHOW CAUSE**

      On January 8, 2024, Plaintiff filed a Complaint against Defendants "United State Agencies Officer," Peter C. Anderson, Frank M. Cadigan, Queenie NG, Theodor S. Albert, David M. Singer, and Brent Ragsic. (collectively, "Defendants"). (Dkt. 1.) On January 11, 2024, this case was transferred to Judge Percy Anderson. (Dkt. 4.) On February 7, 2024, this case was reassigned to this court as a related matter. (Dkt. 10.) On March 19, 2024, Plaintiff filed a proof of service stating the following:

      " I, Jack R. Finnegan, declare: On March 19, 2024, I caused service on, Clerk of the Court, Case No. 8:24-cv-00038-FWS-ADS by filing, "MOTION FOR ORDER FOR DECLARATORY JUDGMENT, 28 USC SS3014(a)(1)(b)(3), 53102(a)(g), 53203(a), 5151, &157(b)(1)(B)(cxl)(d), 52075,11 USC 57012, 8541(a)(1)(b)(1), 5558, Rule 6009,11 USC 5102(1x8), 5105(a)(c), 51111(a)(bxl)(A)(b)(2), Rules 3001(a)(c)(C)(D}(i)(3), 3002(a)(b)(c(1)(7), 3003(e)(2)(3), 3006, 5011(a), 30(17A)(b), 3008, 7001(1- 9),11 USC 51104(a)(1)(2)(b)(1,)(c)(1)(2), Rule 5002(a)(b), 11 USC 51112(a)(b)(d)(e), 51115(a)(b), Rules 1017(d)(e)(2)((2),1019(1)(B)(4)(5)(a)(i),11 USC 5348(e), Local Rule 1017-1(a)(3)(b)(1),11 USC 51107(a), 51108, 51105, 28 USC 455(a)(b), Rules 5004(a)(b), 7004(a)(1)(b)(4), 28 USC 3302(a)(e), 2020, U. S. Constitution Art. I S9 3, Art. III S2[lJ 2 , Art. IV SSl, 2 1 , Amend. V, VIV, FRCivP 13(a) (1)(2),18(a), 20(~)(b), 21, 42(b), 49(a), SO(a)(1)(2), 51(a)(1)(2)(A)(B),

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-00038-FWS-ADS                                Date: May 20, 2024
Title: Jack Richard Finnegan v. United States Agencies Officer *et al.*

---

54(b)(c), 55(a)(b) (c)(d)(e), 64, 69(a), 70(a), 28 USC 51343(x)(1- 4), 5566(a)(c), FRCivP 1, 7(a)(b), 8{a)(2)(c)(d), Rule 2013, 2010(a)(b), 2011, 5006, 9006, 9009, 9003, 9033, 42 USC 581963,1983,1985,18 USC 153(a}(b), 5157, 51519. MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATION OF JACK R FINNEGAN."" (Dkt. 86)

On April 15, 2024, the court issued an Order to Show Cause why this action should not be dismissed for lack of prosecution because Plaintiff had not filed a sufficient proof of service of the Summons and Complaint. (Dkt. 89.) On April 23, 2024, Plaintiff filed a response to the Order to Show Cause. (Dkt. 90.)

The court finds Plaintiff's Response is insufficient to discharge the April 15, 2024, Order to Show Cause for two reasons. First, the response fails to provide appropriate proof of service as required by Rule 4(l). *See* Fed. R. Civ. P. 4(l) ("Unless service is waived, proof of service must be made to the court"). Second, Plaintiff's act of mailing the Complaint to the U.S. Attorney and U.S. Attorney General's office is insufficient to establish proof of service as to all Defendants. In particular, to the extent Plaintiff is suing the United States or a federal agency, the court notes that Federal Rule of Civil Procedure 4(i) requires multiple forms of service, including: (1) "deliver[ing] a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk"; (2) "send[ing] a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.;" and (3) "if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer." Fed. R. Civ. P. 4(i)(1). Likewise, to the extent Plaintiff is suing a United States officer or employee in their official capacity, Plaintiff must serve both the United States <u>and</u> the officer or employee. *See* Fed. R. Civ. P. 4(i)(2).

As of today's date, the record indicates that Plaintiff has not filed adequate proof of service as to any defendant as required by Federal Rule of Civil Procedure 4. (*See generally* Dkt.); Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-00038-FWS-ADS					Date: May 20, 2024
Title: Jack Richard Finnegan v. United States Agencies Officer *et al.*

filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.").

Accordingly, because Plaintiff has not provided adequate proof of service within ninety days of filing the Complaint, Plaintiff is again **ORDERED TO SHOW CAUSE** in writing by **June 12, 2024,** why this case should not be dismissed for failure to prosecute. Plaintiff may discharge the Order to Show Cause by filing proof of service demonstrating that Plaintiff served each defendant in accordance with Federal Rule of Civil Procedure 4. Failure to comply with the court's order **will** result in dismissal. *See* Fed. R. Civ. P. 41(b)*;* L. R. 41-6; *Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[C]ourts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."); *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) ("It is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution.").

    **IT IS SO ORDERED.**					Initials of Deputy Clerk:  mku