UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-00038-FWS-ADS                      Date: July 1, 2024
Title: Jack Richard Finnegan v. United States Agencies Officer *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff:                    Attorneys Present for Defendant:

Not Present                                                    Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE AND FAILURE TO SERVE**

## I.  Background Summary

In summary, on January 8, 2024, Plaintiff filed a Complaint against Defendants "United State Agencies Officer," Peter C. Anderson, Frank M. Cadigan, Queenie NG, Theodor S. Albert, David M. Singer, and Brent Bagsic. (collectively, "Defendants").  (Dkt. 1.)  On January 11, 2024, this case was transferred to Judge Percy Anderson.  (Dkt. 4.)  On February 7, 2024, this case was reassigned to this court as a related matter.  (Dkt. 10.)  On March 19, 2024, Plaintiff filed a proof of service.  (Dkt. 86.)  On April 15, 2024, the court issued an Order to Show Cause ("OSC") why this action should not be dismissed for lack of prosecution because Plaintiff had not filed a sufficient proof of service of the Summons and Complaint.  (Dkt. 89.)  On April 23, 2024, Plaintiff filed a response to the OSC.  (Dkt. 90.)  On May 20, 2024, the court ordered Plaintiff to show cause, in writing, why this action should not be dismissed for lack of prosecution because Plaintiff had not filed adequate proof of service as to any of the Defendants.  (Dkt. 96.)  The May 20, 2024, OSC explained why Plaintiff's April 23, 2024, response was insufficient to establish proof of service and informed Plaintiff that he could discharge the OSC by filing proof of service no later than June 12, 2024, demonstrating that

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | **JS-6** |

### CIVIL MINUTES – GENERAL

Case No. 8:24-cv-00038-FWS-ADS                                                                            Date: July 1, 2024
Title: Jack Richard Finnegan v. United States Agencies Officer *et al.*

Plaintiff served each defendant in accordance with Federal Rule of Civil Procedure 4. (*Id.*) On May 29, 2024, Plaintiff filed a response to the Order to Show Cause, but did not to provide adequate proof of service as to any of the Defendants. (Dkt. 97.) As of the date of this Order, Plaintiff has failed to provide proof of service. (*See generally* Dkt.)

**II.     Legal Standards**

District courts may sua sponte dismiss a plaintiff's action for failure to prosecute or failure to comply with a court order. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.") (footnote omitted); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 693, 689 (9th Cir. 2005) ("[C]ourts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."); *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) ("It is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution."). In considering whether to dismiss a cause for failure to prosecute or failure to comply with a court order, the court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

"Dismissal is appropriate 'where at least four factors support dismissal, or where at least three factors strongly support dismissal.'" *Neal v. Reslan*, 2020 WL 754366, at *1 (C.D. Cal. Jan. 16, 2020) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 (9th Cir. 1992)) (internal quotation marks omitted). "In a case involving sua sponte dismissal, however, the fifth . . . factor regarding the availability of less drastic sanctions warrants special focus." *Carpenter v. Riverside Sheriff's Off.*, 2022 WL 3082995, at *2 (C.D. Cal. Aug. 3, 2022) (citing *Hernandez*, 138 F.3d at 399). "The district court is not required to make explicit findings on the essential factors." *Al-Torki v. Kaempen*, 78 F.3d 1381, 1384 (9th Cir. 1996).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-00038-FWS-ADS     Date: July 1, 2024

Title: Jack Richard Finnegan v. United States Agencies Officer *et al.*

### III. Discussion

In this case, the court finds the first factor—public interest in expeditious resolution of the ligation—weighs in favor of dismissal. The court finds Plaintiff has failed to adequately respond to the court's April 15, 2024, Order (Dkt. 89), and the court's May 20, 2024, Order, (Dkt. 96), after having multiple opportunities to do so. (*See generally* Dkt.) The court finds Plaintiff's failure to prosecute this suit impedes the "expeditious resolution" of this suit, and thus the court finds the first factor weighs in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.2d 983, 990 (9th Cir. 1999) (stating "the public's interest in expeditious resolution of litigation always favors dismissal").

The court finds the second factor—the court's need to manage its docket—similarly weighs in favor of dismissal. The court finds Plaintiff's failure to prosecute or follow court orders "hinders the [c]ourt's ability to move this case toward disposition and suggests Plaintiff does not intend to litigate this action diligently." *Carpenter*, 2022 WL 3082995, at *2; *accord Ash*, 739 F.2d at 494 ("District judges are best situated to decide when delay in a particular case interferes with docket management and public interest.").

The court finds the third factor—risk of prejudice to the defendants—also weighs in favor of dismissal. The Ninth Circuit has stated:

> the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure. . . . . The law presumes injury from unreasonable delay. However, this presumption of prejudice is a rebuttable one and if there is a showing that no actual prejudice occurred, that factor should be considered when determining whether the trial court exercised sound discretion.

*In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994) (quoting *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976)).

___

| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | JS-6 |

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:24-cv-00038-FWS-ADS | Date: July 1, 2024 |
| Title: Jack Richard Finnegan v. United States Agencies Officer *et al.* | |

In this case, the court finds Plaintiff has not sufficiently demonstrated that the delay resulting from his failure to prosecute did not prejudice Defendants. Accordingly, the court concludes Plaintiff has not rebutted the presumption of actual prejudice, and this factor weighs in favor of dismissal.

The court finds the fourth factor—the public policy favoring disposition of cases on their merits—almost always weighs against dismissal. *See Hernandez*, 138 F.3d at 399 ("[T]he public policy favoring disposition of cases on their merits counsels strongly against dismissal."). However, "[a]lthough there is indeed a policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics." *Morris v. Morgan Stanley*, 942 F.2d 648, 652 (9th Cir. 1991). In this case, Plaintiff has not moved towards a disposition on the merits at a reasonable pace by submitting a sufficient proof of service or responding to the court's Order to Show Cause within the timeframe allotted by the court. As a result, no defendant has appeared in this matter to date. (*See generally* Dkt.) Accordingly, the court concludes that the public policy favoring dispositions on the merits weighs against, but does not preclude, dismissal.

The fifth factor—the availability of less drastic sanctions—also weighs in favor of dismissal because the court previously attempted less drastic alternatives. The court issued the April 15, 2024, OSC, (Dkt. 89), which identified the deficiencies in Plaintiff's "Proof of Service," and provided Plaintiff with an additional ten days to file adequate proof of service. (*See* Dkt. 89.) The April 15, 2024, OSC also explicitly advised Plaintiff that this case may be dismissed for failure to prosecute or comply with the April 15, 2024, OSC. (*Id*. (stating that "Absent a showing of good cause, an action shall be dismissed if the summons and complaint have not been served upon all defendants within 90 days after the filing of the complaint," and citing legal authority to that effect).) Nonetheless, the court finds Plaintiff filed insufficient documents in response to April 15, 2024, OSC. (*See* Dkt. 90). Subsequently, the court issued an additional OSC on May 20, 2024, requesting adequate proof of service. The May 20, 2024,

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-00038-FWS-ADS             Date: July 1, 2024
Title: Jack Richard Finnegan v. United States Agencies Officer *et al.*

OSC also explicitly advised Plaintiff that this case may be dismissed for failure to comply. (*See* Dkt. 96.) Again, Plaintiff filed insufficient documents in response to the May 20, 2024, OSC on May 29, 2024. Thus, the court finds that less drastic sanctions are unavailable in this case. *See Ash*, 739 F.2d at 497 ("[Plaintiff] was notified of the impending dismissal and given an opportunity to preserve his action by explaining the delay and going forward with the case. [Plaintiff] failed to respond to the notice in any way. It was not an abuse of discretion for the district court to decide the disinterest exhibited by [Plaintiff] in relation to the notice was indicative of his interest in the entire case.") Accordingly, the court concludes the fifth factor weighs in favor of dismissal.

     In sum, the court concludes factors one, two, three, and five weigh in favor of dismissal, and thus dismissal is appropriate under Federal Rule of Civil Procedure 41(b). Furthermore, pursuant to Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). As discussed above, after Plaintiff failed to effectuate service within ninety days of filing the Complaint, the court ordered proof of service by April 25, 2024, in accordance with Rule 4(m). (Dkt. 89.) The court finds Plaintiff has not adequately served Defendants or demonstrated good cause for the failure to adequately comply. Thus, the court concludes dismissal is also appropriate under Rule 4(m). Accordingly, the court **DISMISSES** the case **WITHOUT PREJUDICE.**

   **IV.**   **Disposition**

   For the reasons set forth above, the case is **DISMISSED WITHOUT PREJUDICE**.

                                                             Initials of Deputy Clerk: mku